**FIRST FEDERAL BANK OF OHIO, Appellee,**

v.

**ANGELINI et al., Appellants.**

[Cite as *First Fed. Bank of Ohio v. Angelini,* 160 Ohio App.3d 821, 2005-Ohio-2242.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–04–31.

Decided May 9, 2005.

822

Grant B. Garverick, for appellee.

Steven A. Friedman and C. Richard Thompson, for appellants John and Joyce Angelini.

John S. Dilts, for appellant Jeffrey Angelini.

James W. Pry II, for appellant Galion Building & Loan.

ROGERS, Judge.

{¶ 1} Defendants-appellants, John and Joyce Angelini ("Angelinis"), Jeffrey Angelini ("Jeffrey") and Galion Building & Loan Bank ("Galion Bank"), hereinafter jointly referred to as "appellants," appeal a judgment of the Crawford County Court of Common Pleas, granting plaintiff–appellee's, First Federal Bank of Ohio ("First Federal"), motion for summary judgment. On appeal, the Angelinis and Galion Bank jointly assert that the trial court erred in granting First Federal's motion that its requests for admissions be deemed admitted. Furthermore, appellants assert that the trial court erred in granting First Federal's motion for summary judgment. Additionally, Galion Bank contends that First Federal's service of its request for admissions was improper. Finding that the trial court did err in issuing a blanket ruling on First Federal's motion that requests for admissions be deemed admitted, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

{¶ 2} In April 2003, First Federal filed a 15–count complaint against appellants. Counts 1, 3, 5, 7, and 10 of the complaint alleged that the Angelinis were in default on five separate promissory notes for monies they borrowed from First Federal between 1995 and 2001. Counts 2, 4, 6, 8, 9, 11, 14, and 15 sought foreclosure on certain real properties of the Angelinis in which First Federal had mortgage interests as security for the promissory notes. Counts 12 and 13 sought foreclosure on certain real properties of Jeffrey, in which First Federal had mortgage interests as security for the promissory note contained in Count 10.

{¶ 3} Count 10 involved a note executed on January 12, 2001. In this note, the Angelinis mortgaged three properties and Jeffrey mortgaged two properties in order to secure a loan for $849,802.78. Galion Bank held a mortgage interest on each of these properties.

{¶ 4} On July 13, 2004, First Federal served the Angelinis with a set of requests for admissions pursuant to Civ.R. 36. On August 9, 2004, those requests for admissions were returned to First Federal. The requests that were returned included a copy of the requests served by First Federal with a written answer following each of the individual requests. The requests were also returned with a cover letter signed by the Angelinis' counsel.[1]

{¶ 5} On August 17, 2004, without consulting the Angelinis' counsel, First Federal filed a motion that the requests be deemed admitted. On August 25, 2004, the Angelinis filed a motion in opposition to First Federal's motion that the requests be deemed admitted. Specifically, the Angelinis argued that First Federal's motion should be denied because they had substantially complied with Civ.R. 36, that they would be willing to execute a separate verification of their answers, and, finally, that answers to Request Nos. 3, 9, 15, 21, and 27 had been specifically denied in conformity with Civ.R. 36.

{¶ 6} On September 1, 2004, the trial court granted First Federal's motion that the requests be deemed admitted, finding that the responses submitted were not signed and did not comply with the requirements of Civ.R. 36. Without citing any of the specific answers given by the Angelinis, the trial court stated that pursuant to Civ.R. 36(A), a party may not give lack of information or knowledge as an answer or objection.

{¶ 7} Subsequently, First Federal filed a motion for summary judgment, and the Angelinis and Jeff filed motions in opposition to summary judgment. In October of 2004, the trial court granted First Federal's motion for summary judgment on all 15 counts of its complaint. It is from this judgment that appellants appeal, presenting the following assignments of error for our review.

### Angelinis' Assignment of Error No. I

The trial court erred in granting plaintiff's motion for summary judgment on counts 10–15 of the complaint because there are genuine issues of material fact regarding the amount of defendants' liability on these counts.

### Angelinis' Assignment of Error No. II

The trial court abused its discretion in granting plaintiff's motion to deem admitted its requests for admission.

---

1. While a copy of the signed cover letter is not in the record before us, First Federal concedes this fact in its brief.

## Jeffrey's Assignment of Error No. I

The Trial Court erred in granting Plaintiff's Motion for Summary Judgment on paragraphs 10–15 of the Complaint because there were genuine issues of material fact regarding the amount of the guarantor's liability on these accounts.

## Jeffrey's Assignment of Error No. II

The Trial Court abused its discretion in granting Plaintiff's Motion for Summary Judgment in granting this Defendant prior to sale and disposal of all of the pieces of real estate owned by Defendants John Angelini and Joyce D. Angelini, as this Defendant was merely a guarantor as to pledge or with no personal liability.

## Galion Bank's Assignment of Error No. I

The trial court committed reversible error, abused its discretion and its decision was against the manifest weight of the evidence which was prejudicial against the Defendant/Appellant (Galion Bank) when the Trial Court granted Plaintiff/Appellee's (First Federal) Motion for Summary Judgment finding John and Joyce Angelini owned First Federal the sum of $385,544.34 plus interest pursuant to the terms of the Promissory note (App.7) and Collateral Pledge Agreement (App.8) while ignoring the evidence First Federal did not credit the $299,733.20 it received against said loan that would have substantially reduced the balance due and owing and/or satisfied that debt in full.

## Galion Bank's Assignment of Error No. II

The Trial Court committed reversible error and abused its discretion which was prejudicial against the Defendant/Appellant (Galion Bank) when the Trial Court found that Defendant/Appellants' (John and Joyce Angelini's) responses to Plaintiff's/Appellee's (First Federal's) Request for Admissions were improper and deemed admitted (App.3) and denied their Motion to Amend and/or correct response (App.6).

## Galion Bank's Assignment of Error No. III

The Trial Court committed reversible error and abused its discretion which was prejudicial to Defendant/Appellant (Galion Bank) when the trial Court found the Plaintiff/Appellee's (First Federal's) Request for Admissions against the Defendants John, Joyce, and Jeff Angelini deemed admitted when the Plaintiff/Appellee (First Federal) did not properly served its request on the said Defendant/Appellants (Angelinis) as set forth in Ohio Rules of Civil Procedure 36.

{¶ 8} Due to the nature of appellants' claims, we will address the assignments of error out of order.

### Angelinis' Assignment of Error No. II and Galion Bank's Assignment of Error No. II

{¶ 9} In their second assignments of error, the Angelinis and Galion Bank contend that the trial court abused its discretion in granting First Federal's request that responses be deemed admitted.

{¶ 10} Generally, it has been stated that "Civil Rule 36 provides a mechanism by which potentially disputed issues may be expeditiously resolved before trial, thereby expediting proof of these issues at trial." *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 269, 73 O.O.2d 291, 337 N.E.2d 806.

{¶ 11} Civ.R. 36(A) provides:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

\* \* \*

Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the

provisions of Rule 37(C), deny the matter or set forth reasons why the party cannot admit or deny it.

{¶ 12} As stated above, on July 13, 2004, First Federal served the Angelinis with a set of requests for admissions pursuant to Civ.R. 36. On August 9, 2004, which was within the 28 days provided for under Civ.R. 36, the Angelinis returned those requests to First Federal. Again, the requests that were returned included a copy of the requests served by First Federal with a written answer following each of the individual requests as well as a cover letter signed by the Angelinis' counsel. Subsequently, First Federal filed a motion that the requests be deemed admitted, and the Angelinis filed a motion in opposition to First Federal's motion.

{¶ 13} On appeal, the Angelinis contend that the trial court abused its discretion by granting First Federal's motion that the requests be deemed admitted. Specifically, the Angelinis argue that their trial counsel's signed cover letter satisfies the signature requirement of Civ.R. 36, that the trial court erred in issuing a blanket ruling on First Federal's motion, that they provided a proper response to Request No. 27, which is the central admission to the issue on appeal, and, finally, that the trial court erred in not allowing the Angelinis to modify or amend their answers pursuant to Civ.R. 36(B), which they requested that they be permitted to do in their motion in opposition.

{¶ 14} Upon review of the answers given by the Angelinis to First Federal's request for admissions, we agree with the Angelinis' argument that the trial court erred in issuing a blanket ruling on all requests for admission. Furthermore, we find that Request No. 27 was properly denied by the Angelinis under Civ.R. 36(A).

{¶ 15} First, after reviewing the answers provided by the Angelinis, we find that the trial court did abuse its discretion in issuing a blanket ruling on First Federal's motion that the requests be deemed admitted. Initially, we note that this is not a situation where there has been a failure to respond within the 28-day time limit. Accordingly, this is not a circumstance where a party's failure to respond requires that the requests for admissions be deemed admitted. See *St. Paul Fire & Marine Ins. Co.*, 44 Ohio App.2d at 271, 73 O.O.2d 291, 337 N.E.2d 806; *T & S Lumber Co. v. Alta Const. Co.* (1984), 19 Ohio App.3d 241, 244, 19 OBR 393, 483 N.E.2d 1216.

{¶ 16} Here, in many of the answers to First Federal's requests, the Angelinis' answers provided that they did not know the answer or that they had insufficient evidence to answer the request. Under Civ.R. 36(A), "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny *unless the party states that he or she has made reasonable inquiry*

*and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.*" (Emphasis added.) Accordingly, the trial court could properly deny those answers.

{¶ 17} However, not all of the Angelinis' answers stated that they did not have knowledge or information. Therefore, we find that the trial court's blanket ruling that the answers did not conform to the above mentioned portion of Civ.R. 36(A) was an error.

{¶ 18} Turning to Request No. 27, which deals specifically with the January 12, 2001 note that is being contested on appeal, the request for admission and answer provide the following:

27. That the Defendants John Angelini, Jr. aka John Angelini and Joyce D. Angelini aka Joyce Angelini and Jeffrey J. Angelini, owe to Plaintiff the sum of $385,544.34 with interest at the rate of 12% per annum or $108.9896 per day from and after April 4, 2003, on said note.

Answer: Because of the misappropriation of $300,000.00 paid to First Federal by John and Joyce Angelini this amount is not correct. Had this been done properly Jeff's properties would be released.

{¶ 19} We find that the Angelinis' denial of Request No. 27 is sufficient under Civ.R. 36(A). Civ.R. 36(A) requires that "[t]he answer shall specifically deny the matter *or* set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." (Emphasis added.) The Angelinis' answer to Request No. 27 specifically denies First Federal's request. Accordingly, because they gave a specific denial, they were not required to set forth a specific reason as to why they were unable to admit or deny.

{¶ 20} In *Banford v. State Farm Ins. Co.* (June 22, 2001), 2d Dist. No. 18464, 2001 WL 703858, the Second District Court of Appeals addressed a similar issue. In *Banford,* the Second District rejected appellee's claim that appellant's response was insufficient under Civ.R. 36(A). Id. Specifically, the court declined to interpret Civ.R. 36(A) to shift the burden to the answering party where a request for admission had been served upon them. Id. Following the rationale set forth in *Banford,* we are satisfied that the Angelinis' answer is a specific denial and that nothing more is required under Civ.R. 36(A).

{¶ 21} Appellee, however, argues that the Angelinis' failure to sign their answers is sufficient to nullify those answers. Furthermore, appellee argues that the Angelinis' or their counsel were required to sign each and every answer. First Federal fails to include any law to support this argument, and we are unable to find any cases that suggest such a rule. While the Angelinis did not sign the answers, we are satisfied that the cover letter, including trial counsel's signature, is sufficient under Civ.R. 36(A).

{¶ 22} Moreover, it is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 454 N.E.2d 951. Accordingly, we reject First Federal's argument so that this case can be reviewed and decided upon its merits.

{¶ 23} Thus, having found that the trial court erred in issuing a blanket ruling, when the Angelinis filed their answers within the time allotted and when not all of the answers they provided were out of rule and that the answer to Request No. 27 was proper under Civ.R. 36(A), the Angelinis' second assignment of error and Galion Bank's second assignment of error are both sustained.

### Angelinis' Assignment of Error No. I, Jeffrey's Assignment of Error No. I and Galion Bank's Assignment of Error No. I

{¶ 24} In the Angelinis' first assignment of error, Jeffrey's first assignment of error, and Galion Bank's first assignment of error, each contends that the trial court erred in granting summary judgment as to counts 10 through 15. We agree.

### Standard of Review

{¶ 25} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175, 722 N.E.2d 108. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.,* 148 Ohio App.3d 596, 2002-Ohio-3932, 774 N.E.2d 775, at ¶ 25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150. Summary judgment is appropriate when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–59, 604 N.E.2d 138.

{¶ 26} The party moving for the summary judgment has the initial burden of producing some evidence that affirmatively demonstrates the lack of a genuine issue of material fact. *State ex rel. Burnes v. Athens Cty. Clerk of Courts* (1998), 83 Ohio St.3d 523, 524, 700 N.E.2d 1260; see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then rebut with

specific facts showing the existence of a genuine, triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.

### Counts 10 through 15

{¶ 27} Counts 10 through 15 involved the January 12, 2001 promissory note. On appeal, appellants argue that a genuine issue of fact remains as to how certain monies were apportioned by the bank as to that note. Specifically, appellants assert that following the refinancing of a Florida property owned by the Angelinis and specifically referenced in the pledge agreement of the promissory note, proceeds of $405,203.53 were paid to First Federal. According to appellants, that entire amount was to be used for payment on the January 12, 2001 promissory note only. However, First Federal appropriated $299,733.32 to other undersecured debts of the Angelinis. According to appellants, that appropriation was improper under the terms of the pledge agreement. First Federal, on the other hand, contends that it was perfectly within its right to appropriate those proceeds as it did.

{¶ 28} In granting summary judgment, a trial court is able to rely on a request for admission that has been deemed admitted as fact, even if it goes to the heart of the case. *Cleveland Trust v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 485 N.E.2d 1052. Additionally, Civ.R. 36(B) states that "[a]ny matter admitted under this rule is conclusively established * * *." Thus, pursuant to its finding that all requests be deemed admitted, the trial court was able to rely on the requests for admissions as fact, even when they went to the heart of the case.

{¶ 29} As noted above, Request No. 27 involved the amount owed on the January 12, 2001 note. Based on the trial court's finding that Request No. 27 was admitted and as a result conclusive, it granted summary judgment on counts 10 through 15. Essentially, with Request No. 27 being admitted, there existed no genuine issue of fact as to the amount owned on that note. However, based on our above finding that the Angelinis' answer to Request No. 27 was proper under Civ.R. 36(A), that answer can no longer be deemed admitted to conclusively establish the issue of the amount owed on the January 12, 2001 note. Accordingly, because a material question of fact exists as to the issue of First Federal's appropriation of the $299,733.32, summary judgment is not appropriate as to counts 10 through 15.

{¶ 30} Having found that a material issue of fact exists as to First Federal's appropriation of proceeds collected from the refinancing of the Angelinis' Florida property, the Angelinis' first assignment of error, Jeffrey's first assignment of error, and Galion Bank's first assignment of error are all sustained.

*Jeffrey's Assignment of Error No. II and Galion
Bank's Assignment of Error No. III*

{¶ 31} In his second assignment of error, Jeffrey asserts that the trial court abused its discretion in granting First Federal's motion for summary judgment prior to sale and disposal of all properties owned by the Angelinis. In its third assignment of error, Galion Bank asserts that the trial court abused its discretion in granting First Federal's motion that requests for admission be deemed admitted because First Federal did not properly serve its requests upon the Angelinis.

{¶ 32} Based on the above, these assignments of error are rendered moot. App.R.12(A)(1)(c). Thus, we will forgo any discussion in relation thereto.

{¶ 33} Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

THOMAS F. BRYANT and SHAW, JJ., concur.