OPINION *Page 3 
{¶ 1} Defendants-appellants Jeff Angelini ("Angelini")[1] and Galion Building and Loan ("Galion") bring this appeal from the judgment of the Court of Common Pleas of Crawford County granting summary judgment to plaintiff-appellee First Federal Bank ("the Bank").
 {¶ 2} On April 1, 2003, the Bank filed a complaint in foreclosure. The complaint alleged in causes of action ten through fifteen that Angelini had signed a promissory note on January 12, 2001. This promissory note was secured in part by mortgages on Angelini's property. On November 10, 2004, the trial court entered an order of foreclosure, which was appealed. This court reversed the trial court's decision finding that there were genuine issues of material fact concerning the application of funds to the loans, i.e. whether the parties had intended the Bank to apply the funds to the secured debt or whether it could be applied to the unsecured debt as claimed by the Bank. First Federal Bank of Ohio v.Angelini et al. [I}, 160 Ohio App.3d 821, 2005-Ohio-2242,828 N.E.2d 1064. This court reviewed the contract and found the terms to be ambiguous, meaning that the determination of the intent must be found by a trier of fact after a trial. Id. The matter was remanded to the trial court on May 9, 2005. On May 17, 2005, the *Page 4 
matter was stayed for bankruptcy. The stay was lifted on March 15, 2006. On March 20, 2006, Angelini sought leave to amend his answer and add counterclaims, which were done by the bankruptcy trustee. The trial court granted leave to amend on May 4, 2006.
 {¶ 3} On October 25, 2006, the Bank filed a motion for summary judgment against Angelini and Galion. Specifically, the Bank asked for the trial court to grant judgment in its favor on the tenth through the fifteenth causes of action in the amended complaint, to grant judgment in its favor on Angelini's amended counterclaim, and to grant judgment in its favor on Galion's counterclaim. Angelini and Galion both filed memorandums contra to the motion for summary judgment. On January 9, 2007, the trial court entered judgment in favor of the Bank on all claims. Angelini and Galion both filed notices of appeal from this judgment. Angelini raises the following assignment of error.
 The trial court erred in granting [the Bank] summary judgment on its claims and on all of [Angelini's] affirmative defenses and counterclaims.
 {¶ 4} Galion raises the following assignments of error.
 The trial court committed reversible error, abused its discretion and its decision was against the manifest weight of the evidence which was prejudicial against [Galion] when the trial court granted [the Bank's] motion for summary judgment finding [the Bank] did not act in breach of the promissory note and pledge agreement when it applied $299,733.32 it received from the proceeds of the refinance of Angelini's Florida property to the Floor Plan loan instead of to the Charge Back Loan. *Page 5 
 The trial court committed reversible error and abused its discretion which was prejudicial to [Galion] when the trial court granted summary judgment in favor of [the Bank] and against [Galion] and found that there was no issue of material fact in that [the Bank] did not breach the pledge agreement in the appropriation of a portion of the refinance proceeds from the Sanibel, Florida property while ignoring this Appellate Court's prior finding in this case on the same facts that a material issue of fact does exist as to [the Bank's] appropriation of proceeds collected from the refinance of Anglini's Sanibel, Florida property.
 The trial court committed reversible error and abused its discretion which was prejudicial to [Galion] when the trial court granted summary judgment in favor of [the Bank] and found [the Bank] as a matter of law did not extort, convert, and fraudulently coerce [Angelini] into executing the Collateral Pledge Agreement and other documents attendant thereto and did not defraud [Galion] as the subordinate lien holder of [Angelini's] property by misapplying the proceeds from the refinanced Sanibel, Florida property to [the Bank's] under collateralized loan, rather than applying all the proceeds to the charge back loan as required by the loan documents and Collateral Pledge Agreement.
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issues as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the *Page 6 
evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri
(1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} All of the assignments of error claim that the trial court erred in granting summary judgment in favor of the Bank. The trial court's judgment granted summary judgment on three different claims: 1) the Bank's tenth through fifteenth causes of action based upon the amount due and owing on the January 12, 2001, promissory note; 2) Angelini's counterclaims; and 3) Galion's counterclaims.
 {¶ 7} The first issue to be addressed is whether the trial court properly granted summary judgment on the Bank's tenth through fifteenth causes of action. This court has previously addressed this same issue when the Bank was awarded summary judgment in October 2004.
 Counts 10 through 15 involved the January 12, 2001 promissory note. On appeal, appellants argue that a genuine issue of fact remains as to how certain monies were apportioned by the bank as to that note. Specifically, appellants assert that following the refinancing of a Florida property owned by the Angelinis and specifically referenced in the pledge agreement of the promissory note, proceeds of $405,203.53 were paid to First Federal. According to appellants, that entire amount was to be used for payment on the January 12, 2001 promissory note only. However, First Federal appropriated $299,733.32 to other undersecured debts of the Angelinis. According to appellants, that appropriation was improper under the terms of the pledge *Page 7 
 agreement. First Federal, on the other hand, contends that it was perfectly within its right to appropriate those proceeds as it did.
 * * *
 * * * Accordingly, because a material question of fact exists as to the issue of First Federal's appropriation of the $299,733.32, summary judgment is not appropriate as to counts 10 through 15.
Angelini I, supra at ¶ 27-29]. A review of the record indicates that the same question of material fact, i.e. the issue of the appropriation of the funds, still exists. No new evidence has been presented which, viewed in a light most favorable to the nonmovants, leads to the conclusion that the Bank is entitled to judgment as a matter of law.[2] Thus, the trial court erred in granting summary judgment on counts 10 through 15.
 {¶ 8} The next issue to be reviewed is whether the trial court properly granted summary judgment as to Angelini's counterclaims against the Bank. Angelini in his amended answer presented the affirmative defenses of extortion, duress and coercion. He also counterclaimed that the Bank had extorted a guaranty agreement, a pledge agreement, and security agreements, thus committing conversion, fraud, constructive fraud, and breach of contract. The subject matter of the conversion claim is the real property. Generally, real property is not a proper subject matter for a conversion claim. Federal Land *Page 8 Bank Ass'n. v. Walton (June 16, 1995), Wyandot App. No. 16-95-9, unreported., Thus, the trial court did not err in granting summary judgment on the conversion claim.
 {¶ 9} Angelini's next two claims include fraud and constructive fraud. Angelini claims that the Bank engaged in fraud when it represented to him that it would apply the payments first to the secured loan and then did not do so. The trial court ruled that since the contract was unambiguous, the parole evidence rule prohibited the introduction of extrinsic evidence. However, this court has previously held that the issue of the application of the funds was ambiguous and a question of fact. Angelini I. "Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations." Integrity TechnicalServices, Inc. v. Holland Management, Inc., 9th Dist. No. 02CA0009-M, 2002-Ohio-5258, ¶ 18. Additionally, there is conflicting testimony as to what occurred and when during the time leading up to the signing of the documents. Given these conflicts, the trial court erred in granting summary judgment of the fraud and constructive fraud counterclaims.
 {¶ 10} Finally, Angelini brings a breach of contract claim. The trial court granted summary judgment on this claim because it found that there was no *Page 9 
material breach of contract. However, the issue remains whether the Bank appropriately applied the funds paid. Angelini claims that the contract required them to apply the funds to the secured loan and the Bank claims it did not. This question of fact is one for a jury. Thus, the trial court erred in granting summary judgment on this claim.
 {¶ 11} The final issue before this court is whether the trial court properly granted summary judgment to the Bank on Galion's counterclaims. The basis for Galion's counterclaim is a request for declaratory judgment as to the meaning of the contract between Angelini and the Bank as a third party beneficiary. Additionally, Galion brings claims for breach of contract and fraud under the contract. In order to enforce a contract, a party must be an intended beneficiary rather than an incidental beneficiary. Hill v. Sonitrol of Southwestern Ohio, Inc.
(1988), 36 Ohio St.3d 36, 521 N.E.2d 780. "While it is not necessary for a third-party beneficiary to be identified in the contract, the contract must be made and entered into with the intent to benefit the third party." Doe v. Adkins (1996), 110 Ohio App.3d 427, 436, 674 N.E.2d 731.
 {¶ 12} In this case, the contract in dispute was between Angelini and the Bank. Although the contract had an effect on Galion, and one interpretation of the contract would benefit Galion while the other would not, Galion is not, by the language of the contract, an intended third party beneficiary. Thus, Galion is not *Page 10 
entitled to enforce the contract and is not entitled to declaratory judgment. Nor is Galion entitled to seek damages for breach of contract because it is not a party to the contract. However, Galion's claim for fraud may be viable if it was foreseeable that Galion's interests would be harmed by the alleged fraud. Since the Bank was aware of Galion's interest when the contract was made, an argument could be made that it knew the alleged fraud would have a negative impact on Galion's interests and the Bank would be liable for those damages. Viewing the evidence in a light most favorable to Galion, reasonable jurors could conclude that the Bank should have known Galion's interests would be harmed by the alleged fraud. Thus, the trial court did not err in granting summary judgment to the Bank on Galion's counterclaims of breach of contract and declaratory judgment. However, the trial court did err in granting summary judgment on Galion's counterclaim for fraud.
 {¶ 13} For the reasons discussed above, the assignments of error are sustained as to the granting of summary judgment on the 10th through the 15th claims of the complaint, on Angelini's counterclaims for fraud, constructive fraud, and breach of contract, and on Galion's counterclaim for fraud. The assignments of error are overruled as to Angelini's counterclaim for conversion and Galion's counterclaims for declaratory judgment and breach of contract.
 {¶ 14} The judgment of the Court of Common Pleas of Crawford County is *Page 11 
affirmed in part and reversed in part. The matter is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part and causeremanded.
 ROGERS, P.J., and SHAW, J., concur.
[1] This court notes that Angelini filed his notice of appeal "by and through Josiah Mason as Trustee in Bankruptcy for the Estate of Jeffrey J. Angelini."
[2] In addition, Galion raises questions of fact whether the Bank properly applied insurance costs incurred on other loans that were not secured, as part of the expenses for this loan. *Page 1