[Cite as *State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 2011-Ohio-1731.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

THE STATE EX REL.
DAVILA,

CASE NO. 3-10-20

APPELLEE,

v.

CITY OF BUCYRUS ET AL.,

O P I N I O N

APPELLANTS.

Appeal from Crawford County Common Pleas Court
Trial Court No. 09 CV 0303

Judgment Reversed and Cause Remanded

Date of Decision:  April 11, 2011

APPEARANCES:

William E. Walker, for appellee.

James F. Mathews and Matthew E. Crall, for appellants.

**PRESTON, Judge.**

{¶1} Respondents-appellants, the city of Bucyrus, Mayor Daniel F. Ross, and Police Chief Kenneth Teets, appeal the Crawford County Court of Common Pleas' grant of summary judgment in favor of relator-appellee, Edwin Davila. For the reasons that follow, we reverse.

{¶2} On March 17, 2009, Davila sent a letter addressed to the "City of Bucyrus care of Mayor Dan Ross or President of Records Commission," requesting "copies of the minutes and public notices of all meetings held by the City of Bucyrus Records Commission." That same day, Davila also sent a letter to the Bucyrus chief of police requesting access to the department's reel-to-reel tapes, which recorded telephone calls and radio traffic to and from the police department. Davila requested access to "the data that was recorded on both the primary and back-up tapes that [the] department used over the years during the time that such a tape recording system was used." Davila further requested access to "all entries of incoming and outgoing calls for service that were placed on the Bucyrus Police Department's Radio Log * * * for the above mentioned tapes or tape system."

{¶3} On April 17, 2009, the Bucyrus city law director responded to Davila's public-records request by letter, indicating that he had included the minutes and public notices of the Bucyrus Records Commission for the last five

years and that if Davila needed documents from prior years, he should contact the mayor's office. The law director also requested that Davila clarify his request for the police department records. He noted that the police department had not used reel-to-reel audio recordings since at latest 1998 and that retention of such records was for a period of two years pursuant to its retention policy, approved in 1990. The law director did include one copy of a radio log for February 13-14, 1994, that had been maintained as part of a case involving an inmate on death row. The law director further advised Davila that he should contact Captain John Beal at the police department to set up a time to review other records he might be interested in viewing.

{¶4} On April 28, 2009, Davila wrote a letter in response to clarify that he was seeking "*all* the meeting minutes for each of the meetings held by the Record's Commission from the first meeting to the last." (Emphasis sic.). On May 5, 2009, the law director responded by letter indicating that he had included copies of the minutes dating back to 1999 (the last ten years) and that Davila should contact the mayor's office if he wanted to review any previous years.

{¶5} On June 16, 2009, Davila filed a complaint for writ of mandamus and alternatively for civil forfeiture pursuant to R.C. 149.351 seeking to compel disclosure of the public records or civil forfeiture for records that were damaged,

mutilated, or destroyed. That same day, Davila filed his first request for admissions, directing respondents to respond within 28 days.

**{¶6}** On July 13, 2009, respondents filed an answer denying the substantive allegations of the complaint and asserting several affirmative defenses. At this time, respondents did not file responses to the requests for admissions.

**{¶7}** On July 29, 2009, Davila filed a motion that facts related to his unanswered request for admissions be taken as admitted and motion for summary judgment. In support of the motion, Davila argued that respondents' failure to timely respond to the request for admissions resulted in default admissions pursuant to Civ.R. 36(A) and that summary judgment was appropriate based upon those default admissions.

**{¶8}** On July 30, 2009, respondents moved for recusal of Judge Russel B. Wiseman from the case. On August 3, 2009, respondents filed a motion for extension of time to answer the request for admissions and production of documents. In support of this motion, respondents asserted that they were unable to respond to the request for admissions since many of the answers required contacting persons no longer with the city.

**{¶9}** On August 6, 2009, Judge Wiseman recused himself from the case and referred the matter to the Ohio Supreme Court to appoint Judge David C.

Faulkner, retired, of the Hardin County Court of Common Pleas, to preside over the case.[1]

**{¶10}** On August 12, 2009, Davila filed a memo in opposition to respondents' motion for an extension of time to answer the request for admissions and production of documents.

**{¶11}** On August 19, 2009, Judge Faulkner filed a briefing schedule for Davila's pending motion that his unanswered request for admissions be taken as admitted and motion for summary judgment. Judge Faulkner gave the parties until August 26, 2009, to file affidavits, briefs, and other supporting documents.

**{¶12}** On August 24, 2009, respondents filed a motion for extension of time to file briefs, affidavits, and other supporting documents in opposition to the motion for summary judgment because respondents had hired new, outside counsel to handle the case. On August 25, 2009, new counsel for respondents filed a notice of appearance. On August 27, 2009, respondents filed notice of providing answers to Davila's request for admissions and responses to Davila's request for production of documents. On August 28, 2009, Davila filed a memo in opposition to the extension of time. On that same day, however, the trial court granted the extension and set the matter for nonoral hearing on September 4, 2009.

---

[1] Although not assigned a docket number or included in the file, the docket reflects a letter dated August 27, 2009, assigning Judge David C. Faulkner to the case.

{¶13} On September 4, 2009, respondents filed a combined brief in opposition to Davila's motion for summary judgment, a cross-motion for leave to amend answers to requests for admissions, and motion for additional discovery under Civ. R. 56(F). On September 10, 2009, Davila filed a reply in support of his motion for summary judgment, and on October 7, 2009, Davila filed a supplemental memorandum in support of his motion for summary judgment.

{¶14} On December 14, 2009, the trial court granted Davila's request for default admissions pursuant to Civ.R. 36(A) and granted him summary judgment based upon those default admissions. The trial court issued a writ of mandamus requiring respondents to provide Davila with a right of inspection of the requested records and noted that a hearing would be set on the question of forfeiture and damages for those records that could not be produced.

{¶15} On February 19, 2010, the trial court held a hearing on forfeiture and damages for those documents that respondents could not provide. On March 12, 2010, the parties filed proposed findings of fact and conclusions of law.

{¶16} On July 19, 2010, the trial court filed its judgment entry finding that Davila was entitled to a judgment of $1,409,000 for 1,409 public records being destroyed.

{¶17} On July 28, 2010, respondents filed a motion for judgment notwithstanding the verdict, remittitur, and new trial pursuant to Civ.R. 59(A). On

September 10, 2010, Davila filed a memorandum in opposition, and on September 17, 2010, respondents filed a reply.

{¶18} On October 4, 2010, the trial court overruled respondents' motion. On October 14, 2010, respondents filed a notice of appeal.

{¶19} On October 22, 2010, Davila filed a motion to dismiss with this court, alleging that the July 19, 2010 judgment was a final, appealable order from which respondents failed to appeal within 30 days as required under App.R. 4(A). On November 30, 2010, however, we overruled the motion, finding that respondents' timely Civ.R. 59(A) motion tolled the time for appeal under App.R. 4(B)(2).

{¶20} On December 13, 2010, Davila filed notice of filing a complaint for preemptory writs of prohibition and mandamus with the Ohio Supreme Court and a motion to stay proceedings in this court. On January 6, 2011, this court denied Davila's motion to stay proceedings. On March 2, 2011, the Ohio Supreme Court dismissed Davila's complaint for preemptory writs of prohibition and mandamus.

{¶21} The case is now before this court for review. Respondents raise seven assignments of error for our review. We elect to combine their first two assignments of error for our discussion.

Assignment of Error I

> The trial court erred in its misstatement or misidentification of the record, suggesting that the appellants

did not file a motion for relief from the default admissions under Ohio R. Civ. P. 36(B), to the appellants' prejudice.

### Assignment of Error II

The trial court erred when it did not hear the appellants' motion for relief from the default admissions, since the appellants demonstrated grounds for such relief, establishing prejudice to appellants.

{¶22} In their first and second assignments of error, respondents argue that the trial court inappropriately denied their Civ.R. 36(B) motion for relief from default admissions when they had demonstrated sufficient grounds for relief. We agree. Civ.R. 36 provides:

(A) * * * A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ. R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

(1) * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of a printed copy of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. * * *

(B) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment

-8-

will prejudice the party in maintaining his action or defense on the merits.

**{¶23}** "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 485 N.E.2d 1052, citing *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 269, 337 N.E.2d 806.

**{¶24}** "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Id., citing Civ.R. 36(B). A trial court may permit withdrawal of an admission if it will aid in presenting the merits of the case and the party who obtained the admission fails to demonstrate that withdrawal will prejudice him in maintaining his action. Id., citing *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. Civ.R. 36(B) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Id. "Civ.R. 36(B) does not require that a written motion be filed, nor does it specify when such motion must be filed." *Balson* at 291, fn. 2.

**{¶25}** A trial court's decision on a motion to withdraw admissions will not be disturbed on appeal absent an abuse of discretion. *Brown v. Weidner*, 3d Dist.

No. 13-06-08, 2006-Ohio-6852, ¶28, citing *Snyder v. Ford Motor Co.*, 3d Dist. No. 1-05-41, 2005-Ohio-6415, ¶14, citing *Graham v. Allen Cty. Sheriff's Office*, 3d Dist. No. 1-05-18, 2005-Ohio-4190. "Abuse of discretion" implies that the trial court was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶26}** Davila served his requests for admissions upon respondents on June 16, 2009. The respondents did not respond to the request for admissions within 28 days, so Davila moved that the requests be deemed admitted pursuant to Civ.R. 36(A) and that the trial court grant him summary judgment based upon those admissions. On August 3, 2009, respondents moved for an extension to answer Davila's request for admissions, alleging that they did not timely respond because they had to contact persons no longer with the city to provide the answers. Respondents also filed a notice of providing Davila with a response to the request for admissions on August 27, 2009. In response to Davila's motion for summary judgment, the respondents, on September 4, 2009, filed a combined memorandum in opposition and motion for leave to amend or withdraw their admissions pursuant to Civ.R. 36(B).

**{¶27}** The trial court, however, determined that it was without discretion to grant relief from the default admissions, because respondents had failed to timely respond to the request for admissions. Therefore, the trial court overruled

respondents' motion for an extension of time to respond to the request for

admissions as moot. The trial court reasoned as follows:

> Requests for admissions are governed by Civil Rule 36 which provides in pertinent part as follows:
>
> "* * * The matter is admitted unless within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection * * *."
>
> The rule is clear that unless action is taken within the period of time designated, whether that action be to admit, deny or request additional time, the matter as to which admission is requested and not responded is deemed admitted. While there may be exceptions for cases of excusable neglect or other Rule 60(B) grounds, they have not been alleged and are not applicable in this case.
>
> The rule in question does not provide for the exercise of discretion by the Court unless there be some timely responses to the requests. Here there was none. Responses of some type were due by July 14, 2009 at the latest, yet nothing was filed until August 3, 2009 after Relator filed the motion for summary judgment. At that time, the Court could not extend the time because the time had already passed. The motion was therefore moot and is overruled.
>
> For the forgoing reasons, the matters contained in Relator's request for admission are deemed admitted by Respondents for purposes of this case.

{¶28} We agree with the trial court that a party's failure to timely respond

to a request for admissions results in matters being automatically admitted under

Civ.R. 36(A). *Agnew v. Kerrigan* (June 27, 2000), 3d Dist. No. 2-2000-06, at *2,

citing *Willis*, 20 Ohio St.3d 66; *Dobbelaere v. Cosco, Inc.* (1997), 120 Ohio App.3d 232, 697 N.E.2d 1016. Nevertheless, we disagree with the trial court's conclusion that it was without discretion to provide respondents with relief from the default admissions. The trial court had discretion under Civ.R. 6(B)(2) to grant respondents' August 3, 2009 motion to extend the time to respond to the request for admissions if the respondents' failure to act within the time provided was due to "excusable neglect." *Whitehouse v. Customer Is Everything!, Ltd.*, 11th Dist. No. 2007-L-069, 2007-Ohio-6936, ¶43; Civ.R 6(B)(2). Additionally, the trial court had discretion to accept respondents' late responses to the request for admissions. *Ogle v. Wright* (June 16, 1995), 3d Dist. No. 1-95-6, at *3, citing *Balson*, 62 Ohio St.2d 287.

{¶29} Most significantly, as respondents argue, the trial court had discretion to grant their Civ.R. 36(B) motion to withdraw or amend the default admissions, and, after reviewing the record, we find that the trial court abused its discretion by failing to grant respondents' motion. Although the trial court's judgment entries leave some doubt concerning whether the trial court even considered respondents' Civ.R. 36(B) motion, we agree with Davila that the trial court in effect denied the motion. The trial court should have granted the motion, however, because respondents clearly demonstrated that granting the motion would aid in hearing the merits of the case and Davila failed to demonstrate

prejudice resulting from the withdrawal. *Willis*, 20 Ohio St.3d at 67, citing *Balson*, 62 Ohio St.2d at 290; Civ.R. 36(B). By not timely responding to the request for admissions, respondents admitted, by default, that they had violated R.C. 149.39 and were liable to Davila in the amount of $1,000 for each missing tape recording. In fact, by not allowing the withdrawal of the default admissions, the trial court did, in fact, eliminate any presentation of the merits as evidenced by granting Davila summary judgment based upon the respondents' default admissions. Under these circumstances, we find that respondents have adequately demonstrated that granting the motion would have aided in hearing the merits of the case. *Stevens v. Cox*, 6th Dist. No. WD-08-020, 2009-Ohio-391, ¶ 52, quoting *Kutscherousky v. Integrated Communications Solutions, L.L.C.*, 5th Dist. No. 2004 CA 00338, 2005-Ohio-4275, ¶ 19, quoting *Westmoreland v. Triumph Motorcycle Corp.* (D.Conn. 1976), 71 F.R.D. 192, 193 (Civ.R. 36(B) burden of demonstrating that allowing withdrawal or amendment of admissions would assist reaching a just resolution upon the merits "is clearly met when the effect of denying a motion to withdraw and amend would 'practically eliminate any presentation of the merits'").

{¶30} Davila, for his part, failed to demonstrate prejudice resulting from the withdrawal of the admissions. Davila argued that he would be prejudiced by the withdrawal of the admissions, because summary judgment was appropriate

based upon those admissions. Prejudice under Civ.R. 36(B), however, does not result simply because the party who initially obtained the admission will now have to convince the fact finder of its truth. *Kutscherousky*, 2005-Ohio-4275, at ¶ 26. See also *Kerry Steel, Inc. v. Paragon Industries, Inc.* (C.A. 6, 1997), 106 F.3d 147, 154. Neither does the fact that Davila prepared a motion for summary judgment based upon the admission constitute prejudice under Civ.R. 36(B). *Kutscherousky* at ¶ 26, 29. See also *Raiser v. Utah Cty.* (C.A. 10, 2005), 409 F.3d 1243, 1246. Therefore, Davila has failed to demonstrate any prejudice that would have precluded the trial court from granting respondents' Civ.R. 36(B) motion.

{¶31} Under the circumstances here, the trial court abused its discretion by failing to grant respondents' motion to withdraw or amend their default admissions. As we have already noted, the grounds for granting the Civ.R. 36(B) motion were met here. Furthermore, the respondents' delay in providing responses to the request for admissions was only a little more than a month past the due date for responses and while discovery was ongoing. Additionally, Davila's reliance upon the respondents' admissions had to be minimal in light of respondents' answer denying liability, respondents' request for an extension of time to respond to the request for admissions, respondents' Civ.R. 36(B) motion, and respondents' dispute of the facts in response to Davila's motion for summary judgment. Most notably, the trial court's refusal to grant the Civ.R. 36(B) motion

in effect resulted in a default judgment against the respondents in the amount of $1,409,000. This result is simply unreasonable under the circumstances of this case and contrary to "'[the] basic tenet of Ohio jurisprudence that cases should be decided on their merits.'" *First Fed. Bank of Ohio v. Angelini*, 160 Ohio App.3d 821, 2005-Ohio-2242, 828 N.E.2d 1064, ¶ 22, quoting *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951.

{¶32} Respondents' first and second assignments of error are therefore sustained.

### Assignment of Error III

> The trial court erred in entering judgment in favor of the appellee which is unsupported by any record of evidence, relying instead upon default admissions, to the appellants' prejudice.

{¶33} In their third assignment of error, respondents argue that the trial court erred in granting summary judgment based upon the default admissions. We agree.

{¶34} We review a decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. Summary judgment is proper when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the nonmoving party, and the conclusion is

adverse to the nonmoving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150.

{¶35} After respondents failed to timely respond to Davila's request for admissions, Davila moved for summary judgment based upon respondents' default admissions and the complaint, alone. The trial court granted Davila's motion for summary judgment and request for damages based entirely upon respondents' default admissions. In fact, the trial court noted that it would not consider several of respondents' arguments concerning whether they had a legal duty to maintain the records in question because respondents had failed to respond to Davila's request for admissions. Since we have determined that the trial court abused its discretion by failing to grant respondents' Civ.R. 36(B) motion to withdraw or amend their admissions, the sole basis of the trial court's grant of summary judgment no longer exists. At this point, material issues of fact remain, and the trial court's grant of summary judgment must be reversed.

{¶36} Respondents' third assignment of error is therefore sustained.

Assignment of Error IV

The trial court erred in entering judgment in favor of the appellee which is without merit as a matter of law, since the record does not substantiate appellee as a "person aggrieved," to the appellants' prejudice.

Assignment of Error V

The trial court erred in its award of damages for civil forfeiture in this case, which award is excessive, contrary to the record of evidence, and, thereby, prejudicial to the appellants.

Assignment of Error VI

The trial court erred, as a matter of law, when it rejected application of R. C. 2744.05 in this case, to the appellants' prejudice.

Assignment of Error VII

The trial court erred when it denied the appellants' posttrial motion for remittitur or new trial (refusing to reopen the case), to the appellants' prejudice.

{¶37} In their fourth assignment of error, respondents argue that the trial court erred in awarding Davila forfeiture, since he was not an "aggrieved person" under R.C. 149.351(B)(2). In their fifth assignment of error, respondents argue that the trial court erred in assessing excessive forfeiture damages. In their sixth assignment of error, respondents argue that the trial court erred by not applying R.C. 2744.05(C)(1)'s limitation on noncompensatory damages. In their seventh assignment of error, respondents argue that the trial court erred by denying their motion for remittitur or new trial based upon the trial court's refusal to grant its Civ.R. 36(B) motion.

{¶38} In light of our decision that the trial court abused its discretion by denying respondents' Civ.R. 36(B) motion, however, respondents' remaining

assignments of error have been rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

**{¶39}** Respondents' fourth, fifth, sixth, and seventh assignments of error are, therefore, overruled as moot.

**{¶40}** Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

ROGERS, P.J., and SHAW, J., concur.