OPINION
{¶ 1} Defendant-appellant, Albert P. McLeod, III, appeals his ten and one-half year sentence for two counts of felonious assault and one count of carrying a weapon while under disability in the Jefferson County Common Pleas Court upon resentencing after this court remanded pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 2} On January 3, 2004, McLeod approached a vehicle parked outside of the Safari Lounge, opened fire on the vehicle, and shot Terrell Sayles in the leg. McLeod was subsequently indicted on three counts as follows: count one — felonious assault, in violation of R.C. 2903.11(A)(2), a second-degree felony; count two-carrying a weapon while under disability, in violation of R.C. 2923.13(A)(2), a fifth-degree felony; and count three — felonious assault, in violation of R.C. 2903.11(A)(1), a second-degree felony, with an attendant firearm specification pursuant to R.C. 2941.145. Following a jury trial on February 15, 2005, McLeod was found guilty on all counts. On February 18, 2005, the trial court sentenced McLeod to prison as follows: count one (felonious assault) — seven years; count two (carrying a weapon while under disability) — six months; and count three (felonious assault with a firearm specification) — seven years for the felonious assault conviction and a mandatory three years for the firearm specification. The court ordered that the sentences for counts one and three run concurrent with each other but consecutive to the sentence for count two for an aggregate sentence of ten and one-half years in prison.
 {¶ 3} In his initial, direct appeal to this court, McLeod appealed his conviction and sentence raising seven assignments of error. They included issues concerning disqualification of the trial court, manifest weight of the evidence, other acts testimony, timing of witness disclosure, impeachment of a witness, new trial, and Foster. This court found no merit to any of McLeod's assignments of error relating to his conviction and affirmed that portion of the judgment accordingly. However, the trial court had ordered that the sentences for the felonious assault convictions be served consecutively with the conviction for carrying a weapon while under disability. Because the trial court had made the then statutorily required findings for *Page 2 
consecutive sentences which were subsequently ruled unconstitutional under Foster, this court remanded for resentencing. State v.McLeod, 7th Dist. No. 05 JE 15, 2006-Ohio-7076.
 {¶ 4} The trial court conducted resentencing on February 21, 2007. The court sentenced McLeod to the same terms of imprisonment as it had before for a total sentence of ten and one-half years. This subsequent, delayed appeal followed.
 {¶ 5} On June 29, 2007, McLeod's appointed appellate counsel filed what is essentially a no merit or Toney brief pursuant to State v.Toney (1970), 23 Ohio App.2d 203, 52 O.O.2d 304, 262 N.E.2d 419. Counsel stated that the trial court "correctly interpreted and enforced" the sentencing requirements of Foster and that McLeod's sentence was "correct and fair." McLeod was given the opportunity to file his own appellate brief and did so on November 16, 2007, setting forth five assignments of error, each challenging his conviction. McLeod followed that up with a supplemental merit brief on November 29, 2007, setting forth an additional two assignments of error, this time challenging his sentence and alleging ineffective assistance of counsel at his resentencing.
 {¶ 6} In his November 16, 2007 appellate brief, McLeod's five assignments of error state, respectively:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT APPELLANT WHEN IT ALLOWED PROSECUTORIAL MISCONDUCT LETTING MCLEOD III PREVIOUS RECORD OUT IN COURT TO THE JURY DENYING ME DUE PROCESS OF LAW."
 {¶ 8} "THE JURY ERRED TO THE PREJUDICE OF THE DEFENDANT APPELLANT WHEN IT CONVICTED MCLEOD OF HAVING A GUN AND WEAPON UNDER DISABILITY WHEN THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} "INEFFECTIVE ASSISTANCE OF COUNCIL DO [sic] TO A CONFLICT OF INTEREST AND CUMULATIVE ERROR."
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE *Page 3 
DEFENDANT APPELLANT WHEN IT ALLOWED BAD ACTS OF EVIDENCE."
 {¶ 11} "THE COURTS ERRED WHEN THEY DIDN'T ALLOW ME TO PUT ONE OF MY WITNESSES ON THE STAND BY NOT BRINGING TODD JACKSON TO COURT TO TESTIFY."
 {¶ 12} Each of these assignments of error challenge McLeod's conviction. Although this court vacated the trial court's February 18, 2005 judgment entry of sentence, it also affirmed McLeod's conviction in its entirety in State v. McLeod, 7th Dist. No. 05-JE-15, 2006-Ohio-7076. The case was remanded for the sole and limited purpose of resentencing pursuant to Foster.
 {¶ 13} The Ohio Supreme Court has long recognized that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 16 (holding that a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses).
 {¶ 14} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant * * * on anappeal from that judgment." (Emphasis added.) State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 15} "Thus, the doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." (Citation omitted.) Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 18.
 {¶ 16} In the context of Foster resentencing cases, other appellate districts *Page 4 
are in accord in refusing to consider issues that should or could have been raised in the first, direct appeal. State v. Herbert, 3d Dist. No. 16-06-12, 2007-Ohio-4496 (refusing to consider the trial court's denial of a defendant's motion to withdraw his guilty plea); State v.Martin, 2d Dist. No. 21697, 2007-Ohio-3585 (refusing to consider the issue of the merger of the convictions); State v. Harrison, 8th Dist. No. 88957, 2007-Ohio-3524 (refusing to consider a challenge to sexually violent predator specification); State v. Smith, 9th Dist. No. 06CA0070-M, 2007-Ohio-2841 (refusing to consider denial of motion for new trial).
 {¶ 17} As previously noted, McLeod challenged his conviction on direct appeal, but failed to raise any of the issues identified in the five assignments of error contained in his November 16, 2007 appellate brief. Consequently, McLeod is now barred from raising any of those issues under the doctrine of res judicata.
 {¶ 18} Accordingly, the five assignments of error raised in McCleod's November 16, 2007 appellate brief are without merit.
 {¶ 19} In his November 29, 2007 supplemental appellate brief, McCleod raises two additional assignments of error. The first assignment of error states:
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT RETROACTIVELY APPLIED A REVISED SENTENCING STATUTE TO EVENTS OCCURRING BEFORE THE REVISION, TO THE DISADVANTAGE OF A DEFENDANT-APPELLANT. THE RESULTING SENTENCE DENIED DEFENDANT-APPELLANT DUE PROCESS OF LAW, AND VIOLATES THE EX POST FACTO DOCTRINE. FOURTEENTH AMENDMENT, ARTICLE I, SECTION X, UNITED STATES CONSTITUTION."
 {¶ 21} McLeod argues that since his crimes were committed before the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, application of the Foster decision to his resentencing violates the ex post facto clause of the United States Constitution and violates his right to due process of law.
 {¶ 22} This Court has conclusively determined in State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572, that application of Foster does not violate the ex post *Page 5 
facto clause or a defendant's due process of law. Palmer relied on our own precedent as well as on decisions from other Ohio appellate districts, including the Second, Third, Ninth, and Twelfth, all of which had reached similar conclusions. The reasoning is primarily two-fold. First, Ohio appellate courts are inferior in judicial authority to the Ohio Supreme Court. Therefore, they are bound by their decisions and are not in a position to declare one of their mandates as unconstitutional. Second, a criminal defendant is presumed to know that their actions are criminal if so defined by statute and the possible sentence they could face if convicted. The statutory range of punishment a criminal defendant faced before Foster is the same as they face afterFoster.
 {¶ 23} Accordingly, McLeod's first assignment of error is without merit.
 {¶ 24} McLeod's second assignment of error states:
 {¶ 25} "DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 26} Under this assignment of error, McLeod maintains that his counsel at resentencing was ineffective for failing to argue thatFoster violated the ex post facto clause.
 {¶ 27} To prove an allegation of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the proceedings would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus. *Page 6 
 {¶ 28} Appellant bears the burden of proof on the issue of counsel's alleged ineffectiveness. State v. Calhoun (1999), 86 Ohio St.3d 279,289, 714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id.
 {¶ 29} Here, the record does not support the first prong of the two-prong test for ineffective assistance of counsel. McLeod cannot demonstrate that his counsel's performance fell below an objective standard of reasonable representation. As indicated in the previous assignment of error, this court has previously determined thatFoster does not violate the ex post facto clause or a defendant's due process of law. State v. Palmer, 7th Dist. No. 06-JE-20, 2007-Ohio-1572.
 {¶ 30} Accordingly, McLeod's second assignment of error is without merit.
 {¶ 31} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1