NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0073n.06

No. 08-4494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 04, 2011
LEONARD GREEN, Clerk

MARK E. SMITH,

      Petitioner-Appellant,

v.

ERNIE L. MOORE, WARDEN,

      Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

                                 /

BEFORE:    SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

      **CLAY, Circuit Judge.**  Petitioner Mark E. Smith, proceeding *pro se*, appeals from a judgment entered on August 19, 2008 by the district court, denying Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated below, we **REVERSE** the district court's decision.

## I. STATEMENT OF FACTS

### A.    Factual Background

On October 19, 2004 Petitioner robbed the Marion Community Credit Union in Marion, Ohio.  When Petitioner entered the credit union there were three employees present, but no customers.  Petitioner ordered the three employees present to get on the ground, and took a total of

$9,480 from one of the tellers. On December 9, 2004 police arrested Petitioner in Brooksville, Florida for the Marion, Ohio robbery.

**B.       Procedural History**

On December 22, 2004 an Ohio state grand jury indicted Petitioner for one count of aggravated robbery, a first class felony under Ohio law, three counts of kidnapping, a second class felony under Ohio law, and firearm specifications for each of the four counts. Petitioner's case proceeded to trial in Ohio state court, and on April 11, 2005 a jury convicted Petitioner of one count of aggravated robbery, and three counts of kidnapping. The jury acquitted Petitioner of all four firearm specifications.

The trial judge sentenced Petitioner pursuant to the Ohio sentencing statute in effect at the time, O.R.C. § 2929.14. When the Ohio court sentenced Petitioner, O.R.C. § 2929.14 stated:

> (A) Except as provided in division (C) of this section, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
>
> > (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine or ten years.
> >
> > (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven or eight years.
>
> (B) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

The trial judge sentenced Petitioner to nine years of imprisonment for the aggravated robbery conviction, and to four years of imprisonment for each of the kidnaping convictions. Each of the four year terms were to be served concurrently with each other, and consecutively with the nine year terms. Petitioner's sentence totaled thirteen years of imprisonment.

On direct appeal, Petitioner argued that his convictions were based upon insufficient evidence, and against the manifest weight of the evidence. The Ohio intermediate appellate court sustained Petitioner's convictions. Petitioner then filed a *pro se* discretionary appeal to the Ohio Supreme Court raising several grounds for the appeal. These included that there was insufficient evidence to support his conviction, that his convictions were against the manifest weight of the evidence, that his appellate counsel was ineffective, and that his sentence above the statutory minimum was enhanced based on judicially-found facts, and thus violated his Sixth Amendment right to a jury trial. The Ohio Supreme Court declined to review the merits, and dismissed the appeal.

On October 24, 2005, after his direct appeal culminated, Petitioner filed a *pro se* petition for post-conviction relief in Ohio state court pursuant to O.R.C. §§ 2953.21 and 2953.23. On collateral attack, Petitioner challenged his convictions and sentence, asserting ineffective assistance of trial counsel due to counsel's failure to object to Petitioner's sentence, and that his sentence violated his Sixth Amendment right to a jury trial as explicated by the Supreme Court in several cases, including,

3

*United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On November 30, 2005 the Ohio state court dismissed Petitioner's collateral attack without reviewing the merits.

After exhausting his state court remedies, Petitioner filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. In his habeas petition, Petitioner raised three grounds for relief: (1) that Petitioner was deprived of due process of law by a conviction not supported by sufficient evidence; (2) that Petitioner was deprived effective assistance of appellate counsel due to appellate counsel's failure to argue that Petitioner's sentence violated the Sixth Amendment to the United States Constitution; and (3) that Petitioner was denied due process and his Sixth Amendment right to a jury trial when the Ohio state court trial judge enhanced Petitioner's sentence based on judicially-found facts.

The district court referred Petitioner's habeas petition to a magistrate judge for a report and recommendation ("R & R"). In his R & R, the magistrate judge found that Petitioner's claims were not procedurally barred, and were properly before the district court. The magistrate judge concluded that Petitioner's sufficiency of the evidence, and ineffective assistance of appellate counsel claims were meritless. However, the magistrate judge found that Petitioner's Sixth Amendment claim was meritorious as the sentencing judge enhanced Petitioner's sentence based on judicially-found facts in violation of the Supreme Court's explication of the Sixth Amendment in *Blakely v. Washington*.

The district court declined to adopt this portion of the R & R, and denied Petitioner's petition in toto, finding that any Sixth Amendment violation in Petitioner's sentence was harmless error.

However, the district court granted Petitioner a certificate of appealability on the Sixth Amendment jury trial issue. Petitioner timely appealed.

## II. DISCUSSION

### A.       Standard of Review

In reviewing a district court's denial of a petition for a writ of habeas corpus, this Court reviews finding of facts for clear error and questions of law *de novo*. *Haliym v. Mitchell*, 492 F.3d 680, 689 (6th Cir. 2007).

### B.       Analysis

#### 1.       Procedural Default

Prior to addressing the merits of Petitioner's claim, this Court must determine that the claim is properly before it, and has not been procedurally defaulted. "Under the procedural default doctrine, a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision." *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

> We engage in a four-step inquiry to determine whether a claim was procedurally defaulted.
>
> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . . Second, the court must decide whether courts actually enforced the state procedural sanction . . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim . . . . Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). In our procedural default inquiry, we look to the "last explained state court judgment," to determine whether the state court judgment bars relief on procedural grounds. *Munson*, 384 F.3d at 314.

Respondent contended before the district court that Petitioner procedurally defaulted his Sixth Amendment jury trial claim by failing to raise it on direct appeal. Respondent's procedural default argument fails for two reasons.

It is true that Petitioner failed to raise his jury trial claim on direct appeal, and that the Ohio intermediate appellate court did not address the claim on its merits. Ordinarily this would constitute waiver on appeal, satisfying *Maupin*'s first prong. However, following the Supreme Court's decision in *Blakely v. Washington*, holding that the Sixth Amendment prohibits a judge from imposing a sentence higher than the one supported by the jury's finding of fact, the Ohio Supreme Court revisited its sentencing scheme. In *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court determined that its sentencing scheme was unconstitutional according to *Blakely*. As a remedial measure, the Ohio Supreme Court severed the portions of the statute mandating imposition of a specific sentence absent additional judicial fact finding, and cabining the sentencing judge's discretion. *Id*. at 497.

In the wake of *Foster*, the Ohio Supreme Court remanded numerous cases for re-sentencing, regardless of defendants' waiver of their *Blakely* arguments. *See, e.g., State v. Payne*, 873 N.E.2d 306, 309 (Ohio 2007). Therefore, waiver on appeal of a *Blakely* challenge is not a procedural bar that

the state of Ohio regularly enforced. According to *Maupin*'s second prong, Petitioner's Sixth Amendment jury trial claim was not procedurally defaulted, and is properly before this Court.[1]

Furthermore, Respondent did not argue on appeal that Petitioner procedurally defaulted this ground for relief. A respondent failing to raise his procedural default challenge waives it. "The state may waive a defense," including procedural default, "by not asserting it." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004). To the extent that Petitioner defaulted the issue, Respondent waived its defense.

### 2. Sixth Amendment Violation

Petitioner filed his petition for a writ of habeas corpus after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amendments to 28 U.S.C. § 2254. His petition is thus governed by AEDPA.

As amended by AEDPA, 28 U.S.C. § 2254(d) states:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]In *Thompson v. Warden*, 598 F.3d 281, 285 (6th Cir. 2010), we found that the petitioner's *"Blakely* claim [was] procedurally defaulted" as it was "raised for the first time in [petitioner's] petition to the Ohio Supreme Court, which denied leave to appeal without comment." However, in that case, the *Maupin* analysis was not addressed, whereas here both the magistrate judge, and the district court addressed *Maupin*'s applicability. The *Maupin* analysis thus governs whether Petitioner's claim was properly preserved for our review on habeas corpus.

A decision is "contrary to . . . clearly established federal law" pursuant to section 2254(d)(1) if "the state court arrive[d] at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decide[d] a case differently than the Supreme Court on a set of materially indistinguishable facts." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision "involved an unreasonable application of clearly established Federal law" pursuant to § 2254(d)(1) if "the state court identifie[d] the correct governing legal principle but unreasonably applie[d] that principle to the facts of the prisoner's case. Clearly established Federal law, as determined by the Supreme Court of the United States, refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." *Id*. at 763 (quoting *Williams v. Taylor*, 529 U.S. at 412). Finally, pursuant to AEDPA, "the factual findings of a state court are presumed to be correct and can only be contravened if [p]etitioner can show by clear and convincing evidence that they are erroneous." *Id*. (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court held in *Blakely* that,

> the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) [was,] [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt . . . . Our precedents make clear . . . that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant . . . . In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

542 U.S. at 301-04. The Supreme Court thus proscribed judicial fact finding for determining sentences' lengths.

However, in *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 714-15 (2009), the Supreme Court expressly upheld requiring judicial fact finding in imposing consecutive rather than concurrent sentences. *Ice*, 555 U.S. 160, 129 S. Ct. at 714-15. Both statutory schemes providing for unfettered judicial discretion, and those cabining judicial discretion by requiring judicial fact finding prior to imposing consecutive rather than concurrent sentences, are permitted by the Sixth Amendment. *Id*.

Petitioner argues that as he was sentenced after *Blakely*, his sentence is governed by, and in violation of, the standard enunciated in *Blakely*. Petitioner was sentenced to a total of thirteen years incarceration for one count of aggravated robbery, a first class felony, and three counts of kidnaping, a second class felony.

According to the Ohio sentencing statute under which Petitioner was sentenced,

> the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless . . .

> > (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

> > (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

O.R.C. § 2929.14(B). Absent a prior conviction, or additional judicial fact finding, Ohio law required a judge to impose the shortest term of imprisonment authorized by the statute. Under the statute, the shortest prison terms were three years for a first class felony, and two years for a second class felony. *Id*. § 2929.14(A).

As applied to Petitioner, absent judicial fact finding, Petitioner could have been sentenced to a maximum of one three year term of imprisonment for the aggravated robbery conviction, and three

No. 08-4494

two year terms of imprisonment for each of the kidnapping convictions. The maximum sentence that

the trial court could have imposed on Petitioner absent unconstitutional judicial fact finding is nine

years.[2]  In imposing a thirteen year term of imprisonment upon Petitioner, the sentencing judge

necessarily found facts additional to those found by the jury.

This Court has reiterated that "[t]he rule in *Blakely* is clearly set forth, and states that the

statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on

the basis of the facts reflected in the jury verdict or admitted by the defendant." *Villagarcia v.

Warden, Noble Corr. Inst.*, 599 F.3d 529, 536 (6th Cir. 2010) (quoting *Blakely*, 542 U.S. at 303). In

Petitioner's case, this maximum is nine years. However, because the sentencing judge sentenced

---

[2]Petitioner contends that the sentencing judge's decision to impose consecutive, rather than
concurrent sentences violated his Sixth Amendment jury trial right under *Blakely*. Ohio sentencing
law in effect at the time Petitioner was sentenced permitted a judge to impose consecutive sentences
if:

> necessary to protect the public from future crime or to punish the offender and that
> consecutive sentences are not disproportionate to the seriousness of the offender's
> conduct and to the danger the offender poses to the public . . . [and] that at least one
> of three more findings of fact must be found: that the offender was already under the
> control of the court due to an earlier conviction, that at least two of the offenses were
> committed as part of a course of conduct and the harm was so great or unusual that
> no single prison term adequately reflects the seriousness of the conduct, or that the
> offender's history of criminal conduct demonstrates that consecutive sentences are
> necessary to protect the public.

*Foster*, 845 N.E.2d at 490-91 (quoting O.R.C. § 2929.14(E)(4)). The Ohio Supreme Court found
that this scheme violates the Sixth Amendment under *Blakely*. However, as discussed above, the
Supreme Court clarified in *Ice* that judicial fact finding to determine whether to impose concurrent
or consecutive sentences does not violate the Sixth Amendment jury trial right. *Ice*, 129 S. Ct. at 714;
*see also Evans v. Hudson*, 575 F.3d 560, 566 (2009) (stating that "[pursuant to *Ice*'s holding,
[petitioner's] underlying claim – that his sentence to consecutive terms based on judge-found facts
violates *Blakely* – is meritless."). Petitioner's maximum potential sentence for the purpose of this
habeas analysis is the sum of the four terms of years imposed for his four convictions.

10

Petitioner to thirteen years based on additional judicially-found facts, Petitioner's sentence was contrary to, and an unreasonable application of, clearly established federal law. *Id*.

### 3.     Harmless Error

Respondent contends that even if Petitioner's sentence violates clearly established federal law as articulated by the Supreme Court in *Blakely* and *Apprendi*, this Court should nevertheless deny Petitioner a writ of habeas corpus as any error was harmless.

We have stated that "[h]abeas relief is only appropriate if the constitutional error harmed the petitioner." *Villagarcia,* 599 F.3d at 536.  The Supreme Court explained that on habeas review of a state court criminal judgment under 28 U.S.C. § 2254, "an error is harmless unless it had substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116 (2007).  Moreover, "[u]nder *Fry*, an error is considered not harmless when the matter is so evenly balanced that the habeas court has grave doubt as to the harmlessness of the error." *Villagarcia*, 599 F.3d at 537.

In *Villagarcia* we considered a materially indistinguishable habeas petition under O.R.C. § 2929.14.  Instead of the two years of incarceration prescribed by Ohio statute for a second class felony, Villagarcia was sentenced to seven years imprisonment based on judicially-found facts. *Id*. at 535.  This Court explained that to bring its sentencing scheme in line with *Blakely*, "the Ohio Supreme Court followed the approach taken in *Booker* and severed the *Blakely*-offending portions of Ohio's felony-sentencing statutes . . . . This remedy left Ohio sentencing judges with full authority to sentence within the statutory range without making findings justifying sentences in excess of the minimum." *Id*. at 537.

11

Under the Ohio Supreme Court's remedy, Petitioner would be exposed on resentencing to a maximum sentence of one term of ten years for his first class felony, and three terms of eight years for each of his second class felonies, all running consecutively. *See* O.R.C. § 2929.14(A). However, although Petitioner's maximum potential sentence upon re-sentencing is much greater than his current sentence, the *Blakely* violation in Petitioner's sentence was not harmless.

We noted that "[u]nder the post-*Foster* sentencing scheme, although the court is free to sentence to any term within the statutory maximum . . . without making judicial findings, it is also not constrained to follow the formula previously dictated by the severed provisions." *Villagarcia*, 599 F.3d at 538. The remaining provisions of Ohio's sentencing statute delineate a number of criteria for a sentencing judge's consideration. These include, among others, such dissimilar factors as,

> the physical or mental injury suffered by the victim[;] . . . [the] offender's occupation[;] . . . [the] offender's relationship with the victim[;] . . . [whether the] offender committed the offense as a part of an organized criminal activity[;] . . . [whether the] offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion[;] . . . [the existence of] provocation[;] . . . [the existence of] grounds to mitigate the offender's conduct[;] . . . likel[ihood of] committ[ing] future crimes.

O.R.C. § 2929.12.

Given the wide range of factors that a sentencing judge may now consider under Ohio law, we held that we "simply cannot know whether the sentencing judge would accord the relevant factors the same weight when reassessing [petitioner's sentence] outside the dictates of the severed provisions." *Villagarcia*, 599 F.3d at 539; *see also United States v. Barnett*, 398 F.3d 516, 528 (6th Cir. 2005) (holding in the wake of *Booker* that we could not conclude that a *Booker* error was harmless since it was impossible to know how a district court, unconstrained by a mandatory

Guidelines scheme, would weigh different arguments and evidence, and that "it would be exceedingly difficult for a defendant [who was sentenced in federal court pre-*Booker*, but whose direct appeal was heard post-*Booker*] to show that his sentence would have been different if the district court had sentenced him under the advisory, rather than the mandatory, Guidelines framework.").

### C.     Summary

Petitioner's sentence under Ohio law violated clearly established federal law as articulated by the Supreme Court in *Blakely v. Washington*, and did not constitute harmless error.

### III. CONCLUSION

We **REVERSE** the district court's decision and grant the petition for a writ of habeas corpus. The Petitioner is ordered released from custody unless the State of Ohio resentences Petitioner within 180 days in accordance with the requirements of this opinion.