[Cite as *State v. Smith*, 2012-Ohio-1891.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  9-11-36

    v.

MARK E. SMITH,                       O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 04-CR-5213

Sentence Vacated and Cause Remanded

Date of Decision:  April 30, 2012


APPEARANCES:

    *J. C. Ratliff*  for Appellant

    *Denise M. Martin* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Mark E. Smith (hereinafter "Smith"), appeals the Marion County Court of Common Pleas' judgment entry of resentencing entered following a remand from the Sixth Circuit Court of Appeals. For the reasons that follow, we reverse.

{¶2} On October 19, 2004, at approximately 1:20 p.m., the Marion Community Credit Union located at 810 Kenton Avenue, Marion, Ohio 43302 was robbed. No customers were present during the robbery; however, three employees were present when the robber entered the Credit Union and ordered them to get on the floor. The robber took a total of $9,480.00 from one of the tellers at the Credit Union.

{¶3} On December 22, 2004 and following an investigation into the Community Credit Union robbery, the Marion County Grand Jury indicted Smith on Count One of aggravated robbery in violation of R.C. 2911.01(A)(1), a first degree felony; and Counts Two, Three, and Four of kidnapping, violations of R.C. 2905.01(A)(2) and second degree felonies. (Doc. No. 1). All four counts included three-year firearm specifications pursuant to R.C. 2941.145 and 2929.14(D). (*Id.*).

{¶4} On April 7, 2005, a jury trial commenced. On April 11, 2005, the jury found Smith guilty on all counts but acquitted him on all four firearm specifications. (Doc. Nos. 182-185).

Case No. 9-11-36

{¶5} On June 6, 2005, the trial court sentenced Smith to nine years on Count One (aggravated robbery) and four years on each of Counts Two, Three, and Four (kidnapping). (June 9, 2006 JE, Doc. No. 215). The trial court ordered that the terms imposed on Counts Two, Three, and Four run concurrently to each other but consecutive to the term imposed in Count One for a thirteen-year aggregate sentence. (*Id.*).

{¶6} On July 13, 2005, Smith filed a notice of appeal. (Doc. No. 220).

{¶7} On October 24, 2005, Smith filed a pro se petition for post-conviction relief pursuant to R.C. 2953.21 and 2953.23 in the trial court. (Doc. No. 249). Smith challenged his convictions and sentence, asserting ineffective assistance of trial counsel due to counsel's failure to object to his sentence, and that his sentence violated his Sixth Amendment right to a jury trial as explained in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). On November 30, 2005, the trial court dismissed Smith's petition without reviewing the merits. (Doc. No. 253).

{¶8} On February 21, 2006, this Court affirmed Smith's conviction and sentence, finding that his convictions were supported by sufficient evidence and not against the manifest weight of the evidence. *State v. Smith*, 3d Dist. No. 9-05-

-3-

22, 2006-Ohio-735. On June 21, 2006, the Ohio Supreme Court declined discretionary review. *State v. Smith*, 109 Ohio St.3d 1507, 2006-Ohio-2998.

{¶9} On March 16, 2007 and after exhausting his state remedies, Smith filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. *Smith v. Moore*, N.D. Ohio No. 3:07CV1121 (July 30, 2008) (Magistrate's Report & Recommendation). In his habeas petition, Smith raised three grounds for relief: (1) that he was deprived of due process of law by a conviction not supported by sufficient evidence; (2) that he was deprived effective assistance of appellate counsel due to appellate counsel's failure to argue that his sentence violated the Sixth Amendment to the United States Constitution; and (3) that he was denied due process and his Sixth Amendment right to a jury trial when the state trial court enhanced his sentence based on judicially-found facts. *Id*.

{¶10} The district court referred Smith's habeas petition to a magistrate for a report and recommendation ("R & R"). In his R & R, the magistrate found that Smith's claims were not procedurally barred and were properly before the district court. *Id*. The magistrate found Smith's sufficiency of the evidence and ineffective assistance of appellate counsel claims meritless. *Id*. However, the magistrate found that Smith's Sixth Amendment claim was meritorious as the sentencing judge enhanced Smith's sentence based on judicially-found facts in violation of *Blakely*

*v. Washington. Id.* The district court declined to adopt this portion of the R & R, and denied Smith's petition altogether, finding that any Sixth Amendment violation in his sentence was harmless error. *Smith v. Moore*, N.D. Ohio No. 3:07CV1121 (Aug. 19, 2008). However, the district court granted Smith a certificate of appealability on the Sixth Amendment issue. *Id.*

{¶11} On February 4, 2011, the Sixth Circuit Court of Appeals reversed, concluding that judicial fact-finding had deprived Smith of his Sixth Amendment right to a trial by jury in violation of *Blakely*, 542 U.S. 296. *Smith v. Moore*, 415 Fed.Appx. 624, 626-627 (6th Cir. 2011). The Sixth Circuit granted Smith's writ of habeas corpus and ordered that Smith be released from prison unless Ohio resentenced him within 180 days in accordance with its opinion. *Id.*

{¶12} On March 15, 2011, Smith filed a pro se resentencing memorandum and a motion for appointed counsel with the trial court in light of the Sixth Circuit's decision. (Doc. Nos. 255-256). In his resentencing memorandum, Smith argued, in pertinent part, that his kidnapping convictions were allied offenses of similar import to his aggravated robbery conviction and should, therefore, be merged for resentencing. (Doc. No. 255). On March 18, 2011, the State responded that it was not opposed to the trial court appointing Smith counsel for the resentencing hearing. (Doc. No. 258). The trial court ultimately appointed J.C. Ratliff, Esq. to represent Smith for the resentencing hearing. (Doc. No. 264).

{¶13} On March 24, 2011, the State filed a motion for a resentencing hearing in light of the Sixth Circuit's decision. (Doc. No. 259).

{¶14} On July 14, 2011, the State filed a resentencing memorandum. (Doc. No. 271). In its memorandum, the State argued that Smith failed to preserve the allied offense argument since he never raised it on direct appeal, and, regardless, a separate animus existed for the kidnappings; to wit: concealment of Smith's identity, facilitation of the crime, and Smith's flight thereafter. (*Id*.).

{¶15} On July 15, 2011, the trial court resentenced Smith to ten years on Count One (aggravated robbery) and three years on each of Counts Two, Three, and Four (kidnapping). (July 26, 2011 JE, Doc. No. 272); (July 15, 2011 Tr. at 17). The trial court concluded that Count Three was an allied offense of similar import to Count One and should, therefore, be merged with Count One for purposes of sentencing. (*Id*.); (*Id*.). The trial court further ordered that the terms on Counts Two and Four (kidnapping) be served concurrently with each other but consecutively to Count One for an aggregate sentence of 13 years. (*Id*.); (*Id*.).

{¶16} On August 19, 2011, Smith filed a notice of appeal. (Doc. No. 277). Smith now appeals raising two assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SEPARATE AND CONSECUTIVE TERMS OF IMPRISONMENT ON AGGRAVATED ROBBERY AND KIDNAPPING COUNTS AND CONCURRENT TERMS OF**

**IMPRISONMENT ON TWO (2) KIDNAPPING COUNTS WHEN THE OFFENSES CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT AND VIOLATE PROTECTIONS AGAINST DOUBLE JEOPARDY.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INCREASED THE SENTENCE ON AGGRAVATED ROBBERY.**

**{¶17}** In his first assignment of error, Smith argues that the trial court erred by sentencing him to separate terms of imprisonment on Counts Two and Four of kidnapping since they were allied offenses of similar import with Count One of aggravated robbery. In his second assignment of error, Smith argues that the trial court abused its discretion when it increased his aggravated robbery sentence from nine years to ten years upon resentencing.

**{¶18}** Before addressing the merits of Smith's assignments of error, this Court should discuss a dispositive procedural issue Smith addressed in his appellate brief—res judicata. (Appellant's Brief at 9). Although the State did not address res judicata in its appellate brief, we may consider legal issues not specifically raised by the parties if a sufficient basis in the record exists for determining them. *Hungler v. Cincinnati*, 25 Ohio St.3d 338, 341-342 (1986); *State v. Peagler*, 76 Ohio St.3d 496, 499 (1996). There is a sufficient basis in the record sub judice to determine whether res judicata applies. To begin with, the State argued res judicata both in its resentencing memorandum and at the

resentencing hearing. (Doc. No. 271); (July 15, 2011 Tr. at 7, 15). The trial court affirmatively considered and rejected this argument at the resentencing hearing. (July 15, 2011 Tr. at 17). Finally, and significantly, this Court already determined that Smith's convictions were *not* allied offenses of similar import in Smith's direct appeal. *Smith*, 2006-Ohio-735, at ¶ 6.

{¶19} "The doctrine of res judicata establishes that 'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 30, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys–Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶20} Smith was originally sentenced on June 6, 2005. On February 21, 2006, we affirmed Smith's conviction and sentence and concluded that Smith's offenses were *not* allied offenses of similar import. *Smith*, 2006-Ohio-735, at ¶ 6.

The Ohio Supreme Court declined discretionary review of Smith's appeal on June 21, 2006. *Smith*, 109 Ohio St.3d 1507, 2006-Ohio-2998. Consequently, Smith's aggravated robbery and kidnapping convictions were final on June 21, 2006, at the latest.

{¶21} Thereafter, in March 2007, Smith filed a petition for writ of habeas corpus in the federal district court, arguing, in relevant part, that the Ohio trial court's sentence violated his Sixth Amendment right to a jury trial as explained in *Booker*, 543 U.S. 220, *Blakely*, 542 U.S. 296, and *Apprendi*, 530 U.S. 466. Ultimately, the Sixth Circuit agreed with Smith and ordered that he be released from custody unless the State resentenced him within 180 days. *Smith v. Moore*, 415 Fed.Appx. 624, 631.

{¶22} To comply with the Sixth Circuit's opinion, the Ohio trial court was required to resentence Smith without making judicial findings, consistent with *Blakely*. In other words, the trial court was required to hold a *Foster* resentencing hearing. 109 Ohio St.3d 1, 2006-Ohio-856. Although the trial court was required to vacate Smith's original *sentence* for purposes of resentencing Smith under *Foster*, Smith's *convictions* remained final. 2006-Ohio-856, at ¶ 103-104. Trial courts determine whether offenses are allied offenses under R.C. 2941.25(A) *prior to* sentencing by examining the underlying convictions (elements of the offenses) and the facts of the case. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶

47; *State v. Mangrum*, 86 Ohio App.3d 156, 158 (12th Dist. 1993). If the trial court determines that offenses are allied, the State elects which offense to pursue for purposes of sentencing; and then, the trial court merges the allied offenses into the offense the State elected to pursue for purposes of sentencing. S*tate v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 24, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 41. Consequently, trial courts may not merge allied offenses at *Foster* resentencing hearings since that determination requires examination of the offender's *convictions*, which are already final. *State v. Martin*, 2nd Dist. No. 21697, 2007-Ohio-3585; *State v. Dillard*, 7th Dist. No. 08 JE 35, 2010-Ohio-1407.

{¶23} Permitting trial courts to merge allied offenses at *Foster* resentencing hearings—created for the limited purpose of fixing *Blakely* errors—undermines the principles of finality underpinning the doctrine of res judicata. *Saxon*, 2006-Ohio-1245, at ¶ 18. On the other hand, recognizing the finality of Smith's convictions apart from his sentence is consistent with the Ohio Supreme Court's recent decision in *State v. Fischer*, governing post-release control resentencing hearings. 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 38-40.

{¶24} Aside from the aforementioned, Smith's allied offense argument is barred by res judicata because this Court already decided this issue in his direct appeal. *Smith*, 2006-Ohio-735, at ¶ 6. Smith is not permitted to re-litigate this

issue following his *Foster* resentencing hearing, nor is Smith permitted to use habeas corpus proceedings to obtain successive appellate review of this issue. *State v. Johnson*, 174 Ohio App.3d 130, 2007-Ohio-6512 (1st Dist.); *State v. Hill*, 5th Dist. No. CT11-0020, 2011-Ohio-3644; *State v. McLeod*, 7th Dist. No. 07-JE-17, 2008-Ohio-3405, ¶ 16; *State v. Fernbach*, 12th Dist. Nos. CA2006-11-130, CA2006-11-131, 2008-Ohio-5670, ¶ 19; *Shie v. State*, 123 Ohio St.3d 89, 2009-Ohio-4079 (habeas corpus may not be used to obtain successive appellate review). *See also Smith v. Voories*, 119 Ohio St.3d 345, 2008-Ohio-4479, ¶ 10, citing *Mosley v. Echols*, 62 Ohio St.3d 75 (1991) (allied offense argument is not jurisdictional and, therefore, subject to res judicata).

{¶25} Finally, the application of *State v. Johnson* at Smith's resentencing hearing was erroneous as a matter of law, because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6, citing *State v. Evans*, 32 Ohio St.2d 185, 186 (1972). "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Id.*, citing *Evans* at 186; *State v. Lynn*, 5 Ohio St.2d 106, 108 (1966). Smith's conviction was final after the Ohio Supreme Court denied review on June 21, 2006; *State v. Johnson* was not released until December 29, 2010.

Consequently, the trial court erred by applying *State v. Johnson* at the resentencing hearing. *Hill*, 2011-Ohio-3644, at ¶ 23.

**{¶26}** In his brief, Smith argues that the law-of-the-case doctrine is inapplicable here since *State v. Johnson* is an "intervening decision." (Appellant's Brief at 9). This argument lacks merit. "The law-of-the-case doctrine holds that 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, ¶ 30, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "Res judicata is a substantive rule of law that applies to a final judgment, whereas the law-of-the-case doctrine is a rule of practice analogous to estoppel." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 22, citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730 (1924); *Hart Steel Co. v. RR. Supply Co.*, 244 U.S. 294, 299, 37 S.Ct. 506 (1917). As the Court in *People v. Evans* further explained:

> * * * law of the case addresses the potentially preclusive effect of judicial determinations made in the course of a single litigation *before* final judgment. [Citations omitted]. Res judicata and collateral estoppel generally deal with preclusion after judgment: res judicata precludes a party from asserting a *claim* that was litigated in a prior action [citations omitted] while collateral estoppel precludes

relitigating an *issue* decided in a prior action [citation omitted]. Accordingly, law of the case has been aptly characterized as 'a kind of intra-action res judicata[.]' [Citation omitted]. 94 N.Y.2d 499, 502, 727 N.E.2d 1232 (2000) (emphasis in original).

*See also* 20 American Jurisprudence 2d, Courts, Section 130 (2012); 18B Federal Practice and Procedure Jurisprudence 2d, Law of the Case, Section 4478 (2012). Since Smith's convictions were final judgments subject to res judicata, the law-of-the-case doctrine does not have application here. *Dyer*, 2004-Ohio-6769, at ¶ 22; *Evans*, 94 N.Y.2d at 502; *State v. Greenleaf*, 9th Dist. No. 25848, 2012-Ohio-686, ¶ 15 (Belfance, J., dissenting).

{¶27} For all the aforementioned reasons, Smith's convictions were final and subject to res judicata; and therefore, the trial court did not err by refusing to merge Smith's kidnapping convictions on Counts Two and Four into his aggravated robbery conviction. Nevertheless, since Smith's kidnapping conviction on Count Three was also final and subject to res judicata, the trial court erred as a matter of law by merging it with Smith's aggravated robbery conviction. As such, Smith's sentence must be vacated, and this matter must be remanded for the trial court to resentence Smith on all four convictions consistent with *State v. Foster* and without regard to merger. R.C. 2953.08(G)(2)(b).

{¶28} Smith's first assignment of error is, therefore, overruled.

{¶29} Smith's second assignment of error concerns the trial court's imposition of an increased sentence on his aggravated robbery conviction. Our remand for resentencing renders this assignment of error moot, and thus, we decline to address it. App.R. 12(A)(1)(c). *State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 2011-Ohio-1731, ¶ 38.

{¶30} Smith's second assignment of error is, therefore, overruled as moot.

{¶31} Having found an error of law with respect to the trial court's July 15, 2011 resentencing, we vacate Smith's sentence and remand for the trial court to conduct a *Foster* resentencing hearing *without consideration of merger*, consistent with our opinion herein.

*Sentence Vacated and*
*Cause Remanded*

**SHAW, P.J. concurs.**
**ROGERS, J. concurs in Judgment Only.**

**/jlr**